## No. 11,191.

### DR. JOHN CALLAN VS. BOARD OF COMMISSIONERS OF FIRE DEPARTMENT.

The petition shows that the act sought to be enjoined had already been committed. If so, it could not be corrected by injunction, as the purpose of an injunction, in the matter of the discharge of functions or the performance of duties in a a public position, is to prevent and not to correct wrongs.

APPEAL from the Civil District Court for the Parish of Orleans. Theard, J.

43*

*H. H. Bryan* and *James Timony* for Plaintiff and Appellant.

*E. A. O'Sullivan*, City Attorney, for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J. The plaintiff alleges that during the year 1892 he has been the legal acting physician of the fire department of New Orleans.

That the office of department physician is not an annually elective office.

That it is held by the legal incumbent during good behavior; that he has duly performed all the duties of the office, and that no charges have ever been filed against him; that notwithstanding his protest, the Commissioners of the Fire Department have illegally attempted to oust him from the office by electing Dr. George T. Granger in his stead.

The lower court refused to grant the injunction. The following are the grounds of refusal:

" Considering that the power to elect a department physician is invested in the Board of Fire Commissioners by Ordinance No. 5841, Council Series; considering that in the exercise of that power the board has elected Dr. Joseph T. DeGrange to the said office of department physician, in the stead of Dr. John Callan, the present incumbent; considering that, by this action of the board, Dr. Callan has been ousted from office and has ceased to be a *de facto* officer; considering that this is a proceeding by injunction to restore Dr. Callan to the said office, and to test his title thereto, and considering that an injunction is not the proper remedy to determine disputed title to office," plaintiff's prayer for an injunction is denied.

The plaintiff had been the legal acting physician of the fire department in 1892.

It is not alleged that he had been elected or appointed under prior ordinances.

On December 8, 1891, the Common Council amended ordinance 5614, C. S., by striking out the words " city physician " and inserting the words " department physician " to be elected by the Board of Fire Commissioners.

They named an office by distinctive title and ordained his election.

Under this ordinance the Board of Fire Commissioners elected a " department physician " to succeed the acting physician of the fire department.

The cases of Guillotte vs. Poincy, 41 An. 335; Goldman vs. Gillespie, 43 An. 83, are referred to by plaintiff in support of his application for the injunction.

There is a marked difference in these cases; injunction was applied for to maintain plaintiffs in possessions pending the judicial determination of the disputed rights to the offices they respectively claimed.

They were actually in possession and discharging the functions of the office each held.

In the case at bar the plaintiff does not allege that he is actually performing the duties of a physician.

An injunction should only be granted when it appears that sufficient grounds exist for its issuance.

The fact that plaintiff had been the acting physician of the fire department in 1892 is not ground for an injunction reinstating him to that position in 1893.

An injunction will not be granted where the right is doubtful.

A past not continuing injury is not ground in itself for granting an injunction.

If the act sought to be enjoined has already been committed there is no ground for an injunction. Am. and Eng. Ency., verbo Injunctions.

The purpose of an injunction is to prevent and not to correct wrongs.

There was an actual exercise of corporate will within the mode prescribed which the writ of injunction can not revoke, annul or recall.

Corporations are bound by their contracts; they may be held bound by their appointments.

They can not, however, in injunction proceedings be compelled to reinstate any one to the performance of certain duties, and for that purpose remove an incumbent who has at least a prima facie right.

An incumbent should not be forbidden to perform the duties for the time being, even though his title were doubtful. The personal rights of the parties can not be determined by injunction. High on Injunctions, Sec. 798, note.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.