## No. 11,598.

STATE OF LOUISIANA EX REL. L. A. KELLER VS. EMILE ROST, JUDGE.

Action to restrain the exercise of duties as supervisor of election. Writ of injunction issued on *ex parte* proceedings of one claiming to be in possession of the office of police juror and a member of the Board of Supervisors of Elections. As a matter of fact the petitioner had been removed from office by the Governor prior to his alleged appointment as supervisor, and was without power or authority to act, either as a police juror or as a member of the Board of Supervisors. The pleadings and facts are similar to those stated in *Ex rel.* Kuhlman vs. Judge, *ante*, p. 53.

APPLICATION for a writ of Prohibition.

*H. N. Gautier, J. L. Gaudet* and *E. Howard McCaleb* Attorneys for Relator.

*W. J. Waguespack* Attorney for Respondent.

The opinion of the court was delivered by

NICHOLLS, C. J.   Relator in this case was appointed one of the supervisors of election for the parish of St. Charles, by the police jury of that parish, on October 10, 1894, and qualified on the same day.   After he was qualified he was "enjoined from presenting himself to the Board of Supervisors of Election for the parish of St. Charles, as a member of said board, made by the alleged police jury of said parish, at their session October 10, 1894, and from in any manner interfering with Lucien A. Cambre in the performance and exercise of his duties and functions as a member of said board until the legality of his alleged pretended appointment should be determined after proceedings in due course of law," and J. C. Triche (one of the members of said board) was enjoined "from recognizing the alleged pretended appointment of Keller as a member of said board

until his said alleged pretended appointment should have been judicially determined in due course " by an injunction which was issued under an order of the Judge of the Twenty-first Judicial District Court.

This injunction was granted *ex parte* upon the petition of L. A. Cambre, claiming that he and not Keller was entitled to discharge the duties of the position. In this petition he averred that under the provisions of Sec. 13 of Act No. 181 of the General Assembly of the State of Louisiana, passed in 1894 at their regular session of September 11, 1894, he was elected by the police jury of St. Charles parish, as one of the supervisors of election for that parish, and that at the time of the presentation of his petition he was in full possession and enjoyment of the office, but although he alleged that he had qualified under his appointment in October, 1894, the *particular day in October* on which he had done so was left *in blank.*

In the petition he declared that Keller pretended to be the appointee of the police jury of the parish of St. Charles under a pretended appointment made by a pretended police jury, a majority of whose members were not legally appointed, and the whole of which was illegally and unlawfully constituted at a meeting of the said pretended police jury on October 10, 1894, in contravention of the by-laws of the legally constituted police jury of the said parish. That said Keller, acting under said appointment, would, unless restrained by injunction, forcibly take possession of said office and oust him, *Cambre,* and would present himself to the other members of the board for recognition as a member thereof, and that said board, unless also restrained, would admit him as such member to the discharge of the functions and duties of said office to the irreparable injury of the petitioner.

He also declared that the Board of Supervisors of Election was composed of three members, but that he and one J. C. Triche were the only members actually constituting said board, the Governor of the State having failed to appoint the third member, so far as he was informed.

The allegations of Cambre's petition, taken in connection with the fact that Keller was appointed as supervisor of election, by the police jury, on the 10th of October, 1894, and that he qualified the same day, will show the significance of the omission and the importance of the omission in the petition for injunction of the particular

day on which Cambre took his oath of office.  Had the blank on the petition been filled up by the actual date of Cambre's qualifying (13th October, 1894), the District Judge would have been at once advised that before Cambre had qualified under his appointment or acquired any right under the same, the police jury had made a change in the appointment and superseded or replaced him by the subsequent appointment of Keller to the position.  Had the District Judge known this particular fact he would not, we feel satisfied, have granted the injunction prayed for.

What was the judge asked to do?   What was the situation at the time?

The police jury of the parish of St. Charles had the unquestionable power, under the thirteenth section of Act 181 of 1894, to appoint one of the members of the Board of Supervisors of Election for that parish.   It first selected Cambre, one of its own members, as such supervisor, but before he had accepted the position, or qualified, thought proper to substitute Keller in his place, and the latter qualified under his appointment.   The Board of Supervisors of Election, composed of three members each, were newly created parts of the election machinery of the State.   The board in St. Charles parish had never yet met or organized.   According to Cambre's allegations, its membership had not yet been filled up, for as yet the Governor had only appointed one of the two members whose appointment was vested in him.   In advance of a meeting of the board, Cambre, holding under an appointment which had been revoked, asked the District Judge to restrain Keller, holding the later credentials from the police jury, from presenting himself to the board for recognition as a member of the board, and Triche, the only other member then appointed, from entertaining any claim from Keller for recognition.   No actual act of possession had been taken by either Cambre or Keller at that time.   The taking of the oaths by each, at the respective dates, was the only step which either had then taken.   No judicial proceedings under the intrusion act or other law had been brought by either of the parties or by the State authorities.   No judicial application was made by Cambre, even if it could have been made, looking to his own forced recognition by the board as a member.   The result of the application would be to paralyze, to a certain extent at least, the future action of the board, and to force and drive Keller, holding the *prima*

*facie* title to possession of the office, to an action under the intrusion act to get into position as a member of the board. The views expressed by us in the case of the State of Louisiana *ex rel.* B. J. Kuhlman vs. Emile Rost, Judge, *et al.*, *ante* p. 53, finds application in the present case. The judiciary can not be made by any such pleadings as we find in Cambre's petition to shape, regulate and control the administration of public, and especially political, duties, and to reverse the order, time and manner in which parties should advance their claims to the possession of offices.

We referred in Kuhlman vs. Rost, *ante*, p. 53, to the decision of the Supreme Court of Alabama, in Beebe vs. Robinson, 52 Ala. 66. The views of the court in that case are very pertinent to the issues raised in the present one. We are of the opinion that Keller, holding the later credentials of the police jury, under the circumstances herein stated, on taking his oath of office, became the legal incumbent of the office of supervisor of election and entitled to discharge the duties thereof. That he could not be restrained or interfered with by injunction at the instance of another claimant from entering upon the discharge of the duties of his office. That it was for Cambre and not for Keller to resort to an action to determine the right to the office or its possession. We do not think that the legality of the police jury of St. Charles as a body, or the legality of its session of October 10, 1894, can be called in question in the collateral way attempted in this case. Neither the members of that body nor the police jury itself are parties to this suit. It was a *de facto* body and its members *de facto* members.

For the reasons herein assigned, and the reasons assigned by us in the case of the State of Louisiana *ex rel.* B. J. Kuhlman vs. Emile Rost, Judge, *et al.*, it is hereby ordered, adjudged and decreed that the writ of prohibition herein issued be made absolute, and that the injunction issued by the Judge of the Twenty-first Judicial District Court of Louisiana, for the parish of St. Charles, in the matter of L. A. Cambre vs. Louis A. Keller *et al.*, No. 77 on the docket of that court, be and the same is hereby set aside and discharged.