## No. 13,203.

STATE OF LOUISIANA EX REL. D. M. SHOLARS VS. T. J. DUGGAN, JUDGE OF THE FIRST CITY CRIMINAL COURT.

### SYLLABUS.

From a judgment rendered by the Criminal District Court of the parish of Orleans, in the exercise of its supervisory jurisdiction over an inferior criminal court of the same parish, there can be no appeal prosecuted to the Supreme Court, as such a right of appeal has not been accorded by the Constitution.

ON APPEAL from the Criminal District Court for the Parish of Orleans. *Moise, J.*

Plaintiff and Appellee in *propria persona.*

*Henry L. Lazarus, Robert J. Maloney, Branch K. Miller* and *Bernard McCloskey* for Defendant, Appellant.

Argued and submitted June 17, 1899.
Opinion handed down June 22, 1899.

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J. The prosecution of D. J. Hathorn was begun in the respondent's court by an affidavit made by the relator, charging the accused with having, within the last year, in the city of New Orleans, bought goods on a credit and disposed of same out of the usual course of business with intent to cheat and defraud his creditors, contrary to the provisions of Act 94 of 1896; and objections having been urged to the sufficiency thereof, same were sustained and the proceedings dismissed.

Thereupon, the relator and affiant made application to the judge of the Criminal District Court for the parish of Orleans, Division B, for writs of *mandamus* and *certiorari*, under the supervisory jurisdiction

of that court, with the view and for the purpose of compelling the respondent, judge of the First City Criminal Court, to show cause why the aforesaid affidavit should not be by him accepted, filed and acted upon, and a warrant issued for the apprehension of the accused, thereunder, conformably to law.

On the issues thus presented, a trial was had and the aforesaid judge of the Criminal District Court made the writ of *mandamus* peremptory; and from that judgment the respondent has prosecuted this appeal.

The appellee's motion to dismiss is based upon the lack of appellate jurisdiction *ratione materiae* of the Supreme Court to entertain and decide the issues raised herein.

The provisions of the statute under which the prosecution against Hathorn was commenced are "that whosoever shall purchase goods, " wares, or merchandise on credit and shall sell, hypothecate, pledge or " otherwise dispose of same out of the usual course of business and " with the intent to cheat or defraud the seller or vendor, shall be " guilty of a misdemeanor, and on conviction thereof, shall suffer fine " in the discretion of the court, and imprisonment not less than six, " and more than twelve months."

Section 2 of Act 94 of 1896.

Consequently, a case arising under that statute would not be appealable to this court, unless, after trial and conviction, a fine of three hundred dollars should be "actually imposed." Const. of 1898, Art. 93.

Such a case is not appealable in character, and this cause did not originate in this court in pursuance of its supervisory jurisdiction. *Id.*, Art. 94.

On the contrary, it originated in the Criminal District Court under its supervisory jurisdiction, and from that tribunal was brought here on appeal.

The Constitution gives to the Criminal District Court "appellate jurisdiction in all cases tried before the City Criminal Courts", and "general and supervisory jurisdiction over all inferior State and municipal criminal courts in the parish of Orleans." *Id.*, Art. 139.

That jurisdiction is exclusive, and from a judgment rendered by that court in the exercise thereof, no right of appeal to this court has been provided therefrom.

Therefore, the motion is sustained and the appeal is dismissed.