OVERTON, J.
Relator has addressed to .this court the following petition, in which he prays for writs'of certiorari, prohibition, and mandamus:
“On October 28, 1922, relator, a resident and citizen of i the parish of St. Bernard, state of Louisiana, filed in the Twenty-Ninth judicial district court for the parish of St. Bernard a petition of which the following is a copy:
“‘(1) At the regular meeting of the police jury of the parish of St. Bernard on August 3, 1922, petitioner was, by said police jury, duly elected parish treasurer of the parish of St. Bernard for a term of two years to succeed' himself, as will appear by reference to a certified copy of the proceedings of said police jury, annexed hereto and made a part hereof; and petitioner has duly qualified and is now, and has continuously been in actual occupancy of said office, exercising the duties and functions thereof.
“‘(2) Petitioner is entitled, under the laws of the state, to continue in the enjoyment and exercise of the functions of his said office during the period for which he was so elected, and to the emoluments thereof.
“ ‘ (3) Notwithstanding the fact that petitioner is the actual incumbent of said office of parish treasurer of the parish of St. Bernard, one Henry L. Turner is illegally pretending to be entitled to occupy said office and to collect the emoluments thereof, and will, unless restrained by injunction of this honorable court, exercise or attempt to exercise the functions of said office and discharge the duties thereof and receive the emoluments thereof, to the irreparable injury of petitioner.
“ ‘ (4) Pending judicial determination of the disputed right to said office, petitioner, as the actual incumbent thereof, is entitled to be pro-' tected in his possession and occupancy of said office, and the said Henry L. Turner should be. enjoined from doing any act or thing interfering therewith or infringing petitioner’s right to discharge the duties and receive the emoluments of said office, until such time as the disputed right thereto shall be judicially determined in proper, legal proceedings.
“‘(5) The emoluments of said office for the. remainder of the period for which petitioner was elected thereto, at $100 per month, the salary fixed by said police jury, will exceed $2,000.
“ ‘Wherefore petitioner prays that a writ of injunction issue herein, directed to the said Henry L. Turner, restraining, prohibiting, and enjoining him from exercising or attempting to exercise any of the functions or duties of *831 the office of parish treasurer of the parish of St. Bernard, or in any wise interfering with the enjoyment and exercise of the functions and duties of said office by petitioner, until such time as the disputed right to said office shall have been judicially determined, in proper proceedings; that the said Henry L. Turner be served with a copy hereof and cited to answer hereto, and that, after due proceedings, there be judgment in favor of petitioner and against the said Henry L. Turner, maintaining and perpetuating said writ of injunction, and further judgment for all costs of this suit.
“ ‘Petitioner prays for all further necessary orders and decrees and for general and equitable relief.’
“II. Relator here reiterates and relies upon all of the allegations of said petition.
“III. When said petition, duly verified by relator, was presented to Hon. Leander H. Perez, judge of said Twenty-Ninth judicial district court, he'.declined to grant an order for the writ of injunction prayed for, and entered on said petition an order for a rule nisi, as follows:
“ ‘The above and foregoing petition and affidavit considered, it is ordered that the defendant show cause on the 28th day of November, 1922, at 10 a. m., why a preliminary injunction should not issue in this cause, as prayed for and according to law.
“ ‘St. Bernard, La., October 28, 1922.
“ ‘L. I-I. Perez, Judge.’ ■
“IV. Although such right is not given by any statute of the state, the principle is well established'in the jurisprudence of the state that one presenting a petition clearly alleging his actual incumbency of an office is entitled as a matter of right to a writ of injunction to prohibit a mere claimant from intruding himself into the office until the disputed right thereto shall have been judicially determined in proper proceedings, and the judge to whom such petition is addressed has no discretion to grant or refuse an order for injunction; and this relator was and is entitled as a matter of right to have granted the injunction prayed for, and the district judge had no discretion to grant or refuse an order therefor. Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403; Goldman v. Gillespie, 43 La. Ann. 83, 8 South. 880; State v. Grandjean, 51 La. Ann. 1101, 25 South. 940; Sanders v. Emmer, 115 La. 590, 39 South. 631; Jackson v. Powell, 119 La. 882, 44 South. 689; Gleason v. Wisdom, 120 La. 632, 45 South. 530; Gleason v. Wisdom, 5 Orleans Appeal, 179.
“V. Should the said claimant, Henry L. Turner, unrestrained by the injunction for which relator has timely applied and which the district judge has refused to grant, succeed in intruding himself into the office of which relator is the present incumbent, relator would suffer irreparable injury thereby. Gleason v. Wisdom, 120 La. 632, 636, 45 South. 530.
“VI. Although the said district judge well knows that the defendant lives within half a mile of the courthouse, said judge made his rule on the defendant to show cause returnable on November 28, 1922, just 31 days from the date on which the petition was filed and the order made, and this notwithstanding the provision of the Code of Practice that the defendant shall have 10 days in which to answer and can gain more time only by timely and formal application to the court after service of petition and citation on him.
“VII. Relator shows that in the parishes of St. Bernard and Plaquemines, comprising the Twenty-Ninth judicial district, there have been since 1920 two political factions, one of which Hon. Leander H. Perez, judge of said district, is the nominal, if not the actual, leader, and with the other of which relator is affiliated; that during September, 1922, the majority in the police jury of the parish of St. Bernard passed over to the faction of which the judge -is leader, by reason of the removal from the parish and resignation of a member, whose place was filled by appointment by the Governor; that on October 5, 1922, the police jury, with its new-, majority, discharged practically every official and employee, to take effect instanter, and replaced them with adherents of the majority faction; that, in its enthusiasm, said police jury adopted proceedings declaring relator’s office vacant and appointing Henry L. Turner parish treasurer, in total disregard of the fact that on August 3, 1922, relator had been re-elected parish treasurer for a stated and a legal term of two years, and less than three months of the term had elapsed; that, in undertaking to discharge relator and appoint his successor, the police jury stipulated that said successor should not assume the duties of the office until after the state supervisor of public accounts had audited relator’s books and his report had been approved by the police jury; and that said audit is now being made and the report of the supervisor of public accounts will be in the hands <>f the police jury within a few days, with the inevitable' result that said police jury will thereafter recognize the new appointee, Henry L. Turner, as parish treasurer, thus injecting him into the office of which relator is the present incumbent.
“VIII. All of the facts above set forth are well known to the said judge, and he must *833 know that long before November 28, 1922, the return day he has fixed for his rule nisi, the said Henry L. Turner will, with the assistance of the police jury, have begun to perform the functions of the office of parish treasurer, and will on the judge’s return day merely deny that relator is the incumbent and allege that he himself has become the actual incumbent, the «de facto parish treasurer; and in that event said judge must know that by his denial of simple justice to relator the arbitrary and unwarranted process of his court has not only denied to relator that protectio/i for the preservation of which courts are established, but has deprived relator of his rights without a hearing.
“IX. The refusal of said judge to grant an order 'for the injunction prayed for is unwarranted by law or good conscience, is willful, arbitrary, oppressive, and tyrannical, and relator’s relief from said refusal must be sought in this honorable court by means of writs of certiorari, prohibition, and mandamus, and not by appeal, because he is entitled to the injunction as a matter of right, and his petition is not addressed to the discretion of said judge. Relator has no other relief whatever than by application to this honorable court for said writs, but, even if other relief could be had, the slowness of ordinary legal forms herein is so sure to produce such delay ‘that the public good and the administration of justice will suffer from it,’ and the mandamus should issue. Code of Practice S31.
“X. Relator shows that by formal letters sent by registered mail on October 30, 1922, to said judge at Pointe a la Hache and at his home at 360 Pine street, New Orleans, and to the said Henry L. Turner at St. Bernard, he has given to said judge and said defendant notice of his intention to make this application to this honorable court, and relator annexes hereto registry receipt from said judge.
“Wherefore relator prays:
“(1) That a writ of certiorari issue directed to 1-Ion. Leander H. Perez, judge of the Twenty-Ninth judicial district court, and commanding him to send up to this honorable court a certified copy of the proceedings in the cause hereinabove mentioned, No. 1340 on the civil docket of his said court for the parish of St. Bernard, and enjoining him from proceeding further in said cause until judgment shall be pronounced on the regularity of his proceedings, and that, after hearing, a writ of prohibition issue, directed to said judge and to the said Henry L. Turner, and commanding them to proceed no further with the rule nisi issued by said judge. u
“(2) That an alternative writ of mandamus issue, directed to said judge, and commanding him to grant the writ of injunction prayed for by relator or to show cause to the contrary at such time as this honorable court may appoint, and that, after hearing, said writ of mandamus be maintained.
“(3) For all costs of this proceeding.
“(4) For all further necessary orders and decrees and for general and equitable relief.
“[Signed] Thos. E. Furlow,
“Rudolph O. Yorbusch.
“Attorneys for Relator.”
" On November 2, 1922, this court, after considering the above application, granted an order directing the judge a quo to forward to it on or before November 6, 1922, at 10:45 a. m., the record or a certified copy thereof in the suit mentioned in said application, and further ordered the judge a quo and Henry L. Turner, the defendant in said injunction suit, to show cause on the same day why the relief prayed for by relator in his petition addressed to this, court should not be granted.
Henry L. Turner, who, the petition for injunction sets forth, is illegally claiming the office held by relator, has made no appearance, but the judge, who, by the above order, has been made respondent herein, has filed his return, and has answered as follows:
“In obedience to the writs of certiorari, mandamus, and prohibition issued by your honorable court and served on respondent on this 7th day of November, 1922, at 1 p. m., or shortly after that hour, and in answer to the petition addressed to the supervisory jurisdiction of your honorable court by the complainant, J. O. Bourg, your respondent'now respectfully answers and avers:
“That the time allowed in, which your respondent may answer is so short that only scant reference can be made to former decisions of the reported cases decided by your honorable court, and as to the lateness of the service your respondent must direct your honors’ attention that same was due to the facetiousness of complainant’s allegations of some fictitious home of your respondent judge at 360 Pine street, New Orleans, where efforts may have been made to make service of the writs issued by your honorable court, when in truth and in fact complainant knew and should know that your respondent resides near the court *835 house in Pointe a la Hache, parish of Plaque-mines, within the judicial district over which he presides, and where service of your writs might have heen made instanter by forwarding same to the sheriff of said parish.
“Petitioner complains that your respondent judge did not grant him an order for the injunction which he prayed for against one Henry L. Turner, which complaints he accompanies with the use of several severe and, unwarranted adjectives, which your respondent judge of the trial court believes he would not have used had he exercised more thoughtfulness.
“For the further consideration of the merits of his application and his complaint to your honorable court, your respondent judge will submit briefly a few citations of authority emanating from your own high tribunal.
“Your honors’ attention is respectfully called to the allegations of paragraph 3 of petitioner’s petition to the district court, wherein he alleges that the said ‘Henry L. Turner is illegally pretending to be entitled to occupy said office [parish treasurer] and to collect the emoluments thereof,’ and in his petition to your honorable court, paragraph VII, he further alleges that, ‘said police jury adopted proceedings declaring relator’s office vacant and appointing Henry L. Turner, parish treasurer.’
“Thus it appears from relator’s own petition that his office has been declared vacant by the parish police jury, the appointive authority or power, and in his place the defendant was appointed.
“Bearing upon the above-alleged facts in complainant’s petition, the following decisions of your honorable court are submitted for your honors’ consideration, showing that the action of your respondent judge, presiding over the Twenty-Ninth judicial district court, to which petitioner’s original petition was presented, was not marked with that ‘willful, arbitrary, oppressive, and tyrannical’ character so loosely charged by complainant before your honors.
“In the case of Callan v. Commissioner Fire Dept., 45 La. Ann. 675, 12 South. 834, it was held that ‘An injunction should only be granted when it appears that sufficient grounds exist for its issuance. * * * An injunction will not be granted where the right is doubtful. * * * They [corporations] cannot, however, in injunction proceedings, be compelled to reinstate any one to the performance of certain duties, and for that purpose remove an incumbent who has at least a prima facie right. An incumbent should not be fo.rbidden to perform the duties for the time being, even though his title were doubtful. The personal rights of the parties cannot be determined by injunction. High on Injunctions, § 798, note.’
“Does not the last paragraph, to say the least, come within the category of the facts set up by complainant’s own petition as above quoted?
“In the case of Peters v. Bell, 51 La. Ann. 1629, 26 South. 446, it was held that, ‘Unless the title to the office, and his consequent right to remain in the discharge of his duties, are absolute and apparent on the mere statement of the case, it seems well settled that a preliminary injunction ought not to issue in such a case. This is true of all kindred matters, the right to a public office included.’ See cases cited.
‘[The case alleged by the plaintiff does not bring it within any of the categories provided by our Code, where the writ issues as a matter of right,' and therefore it rests in the discretion of the court to decide whether the act sought to be enjoined will, if carried out, pending any contest on the issue of title, operate to the irreparable injury and wrong of the plaintiff..
“In 51 La. Ann. 1630, 26 South. 446, the court held further: ‘It may be that, under the intrusion into office act, or by quo warranto, or some kindred proceeding, the issue of title may be settled by a court having jurisdiction. * * * He [the trial judge] felt that he should hesitate to issue an injunction, and thereby bring confusion and discord in an important branch of the public service.’
“In that case of Peters v. Bell your honorable predecessors held that the ‘above grounds sustained the decree of the district court, and that the judgment should be affirmed.’
“Your respondent judge of the district court herein respectfully submits that the above case is incontrovertibly in point with the issues presented herein, and should guide your honors in the disposition of complainant’s application to have the preliminary writs herein issued finally maintained, when the former decisions of your honorable court are contrary to the maintenance of such writs in similar cases.
“Further, in the case of State ex rel. Keller v. Judge, 47 La. Ann. 64, 16 South. 666, it was held: ‘The judiciary cannot be made by any such pleadings as we find in Oambre’s petition to shape, regulate, and control the administration of public, and especially political, duties, and to reverse the order, time, and manner in which parties should advance their claims to the possession of offices. We do not think that the legality of the police jury of St. Charles as a body or the legality of its session of Octpber 10, 1894, can be called in question in the collateral way attempted in this case.’
*837 “The facts in the latterly mentioned ease are so similar that complainant may have copied his petition from the Gambre allegations. In the Gambre Case the trial court readily granted an injunction to petitioner, which injunction was readily set aside and annulled by the Supreme Court of this state.
“Now in these proceedings complainant would have your honors mandamus your respondent judge of the trial court to grant a similar injunction contrary to the established jurisprudence of this state, at the hazard, probably, of having your honors charged by complainant and his counsel with ‘willful, arbitrary, oppressive, and' tyrannical’ denial of justice to their cause.
“Petitioner further complains ,to your honors that the rule issued by your respondent judge against defendant was made returnable only on November 28, 1922, just 81 days from the date on which the petition was filed and the order made, and this notwithstanding the proximity of defendant’s residence to the courthouse and his being allowed only 10 days in which to make formal answer.
“Respondent respectfully submits that the above facts were not the only ones which could be considered in fixing the return date herein. Your honors, will take judicial cognizance that your respondent judge presides over a judicial district having jurisdiction over both criminal and civil causes. The petition of relator for the injunction was presented in court on a day upon which a jury trial was had, and when it was just about to commence. The next and last day of the w.eek was also a jury day. During the following two weeks causes were fixed for trial at Pointe a la Hache, in Plaquemines parish, and your honors will also take judicial cognizance of the fact that both Plaquemines and St. Bernard parishes form the Twenty-Ninth judicial district court over which your respondent judge presides. The following week, beginning Monday, November 13, 1922, will be jury week for the trial of important criminal cases in St. Bernard, -and cases are fixed for trial every usual court day fr'om Monday to Eriday, which case on Eri'day is expected to be prolonged into midday, or thereabouts, Saturday, November 18th; and further the week following, and commencing on Monday, November 20, 1922, will be jury week in Pointe a la Hache for the trial of criminal cases there. Therefore, considering all these facts, your respondent judge fixed or made the rule returnable herein on Tuesday, November 28, 1922, because under rules of this trial court sessions are held on the second and fourth week of each month in St. Bernard parish, beginning on Tuesday, the other weeks and days being taken up in Plaquemines parish. The above is respectfully submitted for your honors’ attention to disprove any allegations made by the complainant and his counsel of the action of your respondent judge being ‘willful, arbitrary, oppressive, and tyrannical,’ and to show your honors that the action of your respondent judge was reasonable, legal, and consonant with the rights of the parties herein, and according to law and the rules of this court, and which guides the actions of your respondent in the administration of justice and the disposition of causes submitted for adjudication.
“Considering the above and relator’s petition, it is respectfully submitted that relator is not entitled to the remedy sought by the further-exercise of your honorable court’s supervisory jurisdiction, and that the preliminary writs herein granted should be annulled and set aside, and that relator’s prayer for the maintenance of said writs should be denied. The original record herein is filed herewith.
“Respectfully, L. H. Perez,
“Judge, Twenty-Ninth Judicial District Court of La.”
 It will be observed that the answer of the respondent judge is equivalent to a refusal to grant the order for injunction on the ground that the allegations of the petition are insufficient for its issuance, and in support of his position he cites Callan v. Commissioners of Fire Department, 45 La. Ann. 675, 12 South. 834; Peters v. Bell, 51 La. Ann. 1628, 26 South. 442; and State ex rel. Keller v. Judge, 47 La. Ann. 64, 16 South. 663. We, however, think that the petition for injunction sufficiently sets out the right of relator, as the actual incumbent of said office, to the writ of injunction prayed for by him, pending a determination of the dispute concerning the right to the office. Nor do we think’ as contended by the respondent judge, that the right to the injunction prayed for is in any way lessened by the allegation found in article YII of relator’s petition to the effect that his office was declared vacant by the police jury, and that Turner was appointed to fill the same. A mere reference to article VII of the petition, quoted above, in which this allegation is fqund, will show that, what *839 ever effect the allegation may have on relator’s right to any one of the writs prayed for in his application made to this court, it cannot be construed, in connection with the rest of the article or the petition in which it is found, as an admission that the office was legally declared vacant, or that Turner is in the actual possession of it, but, to the contrary, when thus considered, the allegation only emphasizes the contention made by relator in his petition for the injunction that he was duly elected to the office; is actually in possession thereof; that his term has not expired; that Turner is illegally claiming the office, and, unless restrained, will take or attempt to take possession of it.
The allegations of-the petition for the injunction are strikingly similar to those made in the case of Guillotte v. Poincy, 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403, in which the right to an injunction was recognized. This court in that case, after reciting, in substance, the allegations of the petition, and after holding that the right to office could not be tried by injunction, said:
“But from the statement given above it is quite apparent that this action does not invoke any decision upon the question- of the disputed title to the office. Plaintiff says simply: T am the actual incumbent in possession of the office to which I claim to be legally entitled. Defendant, claiming under a title the validity of which I dispute, is seeking to oust me ex-trajudicially, in which effort he will have the aid of my fellow members on the board; and I ask judicial aid to protect my incumbency and possession until defendant shall, in due course of judicial proceeding, establish Ms right and title.’
“Such an action falls within a well-recognized branch of relief by injunction. The doctrine is announced by Mr. High as follows: ‘While courts of equity uniformly refuse to interfere by the exercise of their preventive jurisdiction to determine questions relating to the title to office, they frequently recognize and protect the possession of officers de facto, by refusing to interfere with their possession in behalf of adverse claimants, or, if necessary, by protecting such possession against, the interference of such claimants. * * * And the granting of an injunction in such case in no manner determines the question of title involved, but merely goes to the protection of the present incumbents against the interference of claimants out of possession, and whose title is not yet established.’ High on Inj. (2d Ed.) § 1315.
“This doctrine is in the interest of social peace and order, and conforms to the object and policy of the law in all remedial provisions for the settlement of disputed rights, which always respect and maintain the status quo until the controversy shall be settled in orderly course of judicial procedure.
“Plaintiff is undoubtedly the de facto officer, because he ‘claims the office and is in possession of it, performing the duties under color of an appointment.’ 5 Wait, Actions & Def. p. 7, § 9; Buckman v. Ruggles, 15 Mass. 180, 8 Am. Dec. 98; Com. v. McCombs, 56 Penn. St. 436; State v. Howe, 25 Ohio St. 588, 8 Am. Rep. 321; Braidy v. Theritt, 17 Kansas. 468.
“Such an officer cannot be dispossessed by a third person whose title he disputes until the latter shall first try the disputed right. Brady v. Sweetland, 13 Kan. 41; Palmer v. Foley, 45 How. (N. Y.) 110.”
The doctrine of the case of Guillotte v. Poincy, from which we have quoted, has been affirmed in the case of Goldman v. Gillespie, 43 La. Ann. 83, 8 South. 880, in Sanders v. Emmer, 115 La. Ann. 590, 39 South. 631, and in Jackson v. Powell, 119 La. 882, 44 South. 689. In the last-cited case, that of Peters v. Bell, 51 La. Ann. 1621, 26 South. 442, cited by respondent, is differentiated from that of Guillotte v. Poincy and Goldman v. Gillespie, by pointing out that the Peters Case was brought by the plaintiff therein to be reinstated in office, and not, as in the Gillespie and Goldman Cases, to be maintained in office until the right to the office could be judicially determined.
The case of State ex rel. Keller v. Judge, 47 La. Ann. 61, 16 South. 663, also cited by the respondent judge, is different from the Guillotte and Goldman Cases in this important particular, that before Cambre, one of the claimants to the office, had qualified or acquired any right under his appointment, the police jury appointed Keller to his posi *841 tion, who qualified by taking the oath of office. Hence Cambre had no ground for an injunction.
The case of Callan v. Commissioners, 45 La. Ann. 673, 12 South. 834, also cited by the respondent judge, differs from the Guillotte and Goldman Cases, and from the case at bar, in that the court failed to find in that case that the plaintiff therein was in office at the time the writ issued, and in effect held that an injunction would not issue for the purpose of reinstating one in office.
Judging from a quotation therefrom in his answer, the respondent judge also cites the case of Peters v. Bell, cited supra, for the purpose of showing that the writ of mandamus should not issue herein for the reason that the ground alleged for the writ of injunction is not one on which, under the Code of Practice, the writ issues of right. Granting that he is vested with some discretion in the matter, yet in exceptional instance, when the trial judge is vested with discretion, this court, in the exercise of its supervisory jurisdiction, when the interests of justice seem to demand it, and no other adequate means appear, will issue the writ. State ex rel. Ruddock Orleans Cypress Co. v. Knop, 147 La. 1057, 86 South. 493. Not to issue it in this instance would be equivalent to a denial of. justice.
 The respondent judge complains of the short time he has had in which to answer, and states that the petition for the writs and the order to show cause was not served on him until the day before he filed his return. It was not served till then. He, however, had written notice of the intention to apply for the writs before the application was made; and, notwithstanding every effort by this court to reach him with its process, through its officers, there was a failure to locate him either in his district or in this city until the day of service, when he was located in the former place. The nature of the cause would not admit of further delay in which to answer. It must be' realized that, if relator was entitled to relief, to make it effective prompt action was essential. Under such circumstances, to prevent a probable miscarriage of justice, the court will not only fix a prompt return day, but, when the return is made, will decide the case and render its decree at once, not waiting for the regular opinion day on which to hand down its decision. The granting of 31 days by the respondent judge to show cause why the injunction should not issue was not justified by the facts set up by the. judge in his answer, and in fact, under the circumstances was equivalent to a denial of relief. It was, not necessary that he should have granted a rule nisi in such a case, at all. He should have acted on the petition at once, or, as he saw proper to grant an order for a rule nisi, he should have made it returnable within a reasonable time, and should* have disposed of it promptly.
It is therefore ordered, adjudged, and decreed that the order of the court a qua granting said rule nisi be vacated and set aside, and it is further ordered, adjudged, and decreed that the writ of mandamus that issued herein be made peremptory, and accordingly that the judge a quo grant said order for an injunction.