No. 3244

Second Circuit

————   .      .

MAXWELL v. RANDALL

————

(June 28, 1928.   Opinion and Decree.)

————

(*Syllabus by the Court*)

1. **Louisiana Digest—Office and Officer—Par. 43.**

An incumbent discharging the duties of an office under a commission not yet expired regularly issued by competent authority, is a defacto officer and, as such, entitled to prevent, by injunction, another, asserting title to the same office under a commission of subsequent date, from interfering with him in the performance of the duties of the office.

> Jackson vs. Powell, 119 La. 882, 44 So. 689.
> Gleason vs. Wisdom, 120 La. 632, 45 So. 530.
> Bourg vs. Turner, 152 La. 828, 94 So. 411.

2. **Louisiana Digest—Office and Officer—Par. 40, 43.**

Where one is in possession of and performing the duties of an office under a commission not yet expired issued by competent authority, and another, acting under a commission of subsequent date, seeks to discharge the duties of the office, such effort on the part of the latter is an interference with the former in the performance of his official duties and illegal.

> Ibid.

Appeal from the Eighth Judicial District Court, Parish of LaSalle.   Hon. F. E. Jones, Judge.

Action by C. C. Maxwell against E. B. Randall.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Theus, Grisham and Davis, of Monroe, and Thornton, Gist and Richey, of Alexandria, and Henagan and Gaharan, of Jena, attorneys for plaintiff, appellee.

C. W. Flowers; J. L. Pitts, of Jena, and Hawthorn and Stafford, of Alexandria, attorneys for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J.   Plaintiff alleges that he is a legally qualified member of the Parish School Board of LaSalle parish, Louisiana, for ward two of that parish, by virtue of a commission issued to him by the Governor of the State of Louisiana under date of August 13, 1926, and that he is and has been performing the duties of the office.

He further alleges that since his appointment there has been no election held to choose a successor to himself in the office he holds and that no such election will be held until the first Tuesday after the first Monday in November of the year 1930.

He further alleges that E. B. Randall is attempting to perform the duties of the office held by him in virtue of a commission of date subsequent to that of the commission held by plaintiff, and that Randall's conduct is illegal and an interference with his performance of the duties of member of the Parish School Board of LaSalle parish, Louisiana, from ward two of that parish, and should be enjoined.

He further alleges that S. T. Chapman is the acting president of the Parish School Board of the parish of LaSalle and in the

discharge of the duties of his office as such is and has been aiding and abetting Randall in his attempts to exercise the duties of the office held by petitioner and that such conduct on the part of Chapman is illegal and should be enjoined.

And he prayed Randall and Chapman be cited and served and that the former be enjoined from attempting to exercise the duties of the office held by petitioner or otherwise interfering with his performance of the duties of the office and that Chapman be enjoined from aiding or abetting him in his illegal conduct.

The defendant Randall answered, setting up:

"That defendant does not deny that the plaintiff * * * has a commission issued by the Governor of the State of Louisiana, and that he is acting under and by virtue of said commission, pursuant to its terms, and his qualifications thereunder.

"Defendant further avers that he has done nothing to prevent the plaintiff from serving as a member of the School Board from ward 2 of said parish * * * that in addition to the plaintiff, claiming to be a member of the School Board from said ward, L. H. Taylor likewise claims and asserts that he is a member from said ward, and that this respondent does not claim nor assert anything more than the right himself to serve as a member of the School Board from ward 2 of said parish under the commission, according to its precise terms, issued by the Governor of the State of Louisiana. * * *

"That the commission under which he is serving reads as follows, to-wit:

" 'State of Louisiana.

" 'Executive Seal.

" 'Executive Department.

" 'In the name and by the authority of the State of Louisiana, know ye that I have nominated, constituted and appointed, and by these presents do nominate, constitute and appoint

E. B. RANDALL

member School Board, ward two, parish of LaSalle.

" 'And I do authorize and empower him

to execute and fulfill the duties of said office according to law, and to have and hold the said office, with all the powers, privileges and emoluments to the same, from and after date hereof.

" 'In testimony whereof, I have hereunto set my hand and caused to be affixed the great seal of the State of Louisiana.

" 'Witness, O. H. Simpson, Governor of our said State, at the City of Baton Rouge, this the twenty-eighth day of December, in the year of our Lord, 1927, and of the independence of the United States of America, the one hundred and fifty-second, and of the State of Louisiana the one hundred and sixteenth.

" 'O. H. SIMPSON,

" 'By the Governor.

" 'James J. Bailey,

" 'Secretary of State.' "

A temporary restraining order was issued against E. B. Randall. No answer was filed by S. T. Chapman and the suit, quo ad him, apparently was dropped.

On these issues the case was tried and there was judgment in favor of the plaintiff, C. C. Maxwell, and against the defendant, E. B. Randall,

"* * * prohibiting the defendant from further interfering with him (plaintiff) in the discharge of his duties as School Board member of LaSalle parish, Louisiana, from ward two, until the title to said office has been decided by the court."

The defendant, Randall, appealed.

Our learned brother of the District Court rendered and filed in the suit a written opinion which very fully covers the law and the facts of the case as follows:

"The plaintiff in this case alleges that he was appointed a member of the School Board of LaSalle parish, Louisiana, in ward number two, by the Governor of the State of Louisiana, on the 13th day of August, 1926, and that under the law and ordinances of the School Board that his time will not expire until in November, 1930. That, notwithstanding this fact, E. B. Randall, holding an illegal commis-

sion from the Governor of the State of Louisiana appointing the said Randall as a member of the School Board from ward two in LaSalle parish, and that the said E. B. Randall pretended to qualify as such to succeed your petitioner on December 31, 1927, and that the said Randall will interfere with plaintiff in the discharge of his duties unless there is an injunction restraining the said E. B. Randall from interfering with your petitioner in the performance of his duties. The plaintiff secured a restraining order and now seeks a preliminary injunction to prohibit the said E. B. Randall from interfering with him in the discharge of his duties as School Board member of LaSalle parish from ward two.

"The defendant answers and neither denies nor admits that the plaintiff is a legally qualified member of the School Board of ward two of LaSalle parish, but alleges that he likewise holds a commission from the Governor of the State of Louisiana, appointing him as a member of the School Board from ward two of LaSalle parish.

"The defendant denies that he is in any way interfering with the plaintiff or desires in any way to interfere with the plaintiff in the discharge of his duties as a member of the School Board, but, on the other hand, contends that he holds a commission which appoints him a member of the School Board of ward two of LaSalle parish, and that he has a right to discharge those duties, and that plaintiff cannot interfere with him.

"The evidence in this case shows that on the 13th of August, 1926, the plaintiff was appointed as School Board member of ward two of LaSalle parish by the Governor of the State of Louisiana. That the plaintiff took the oath and qualified as a member of said School Board and has since been in possession of such office, voting and discharging other duties encumber upon a member of the School Board.

"The defendant also holds a commission, dated in December, 1927, appointing him as a member of the School Board of ward two of LaSalle parish, and the defendant took the oath of office on December 31, 1927; and, on the 2nd day of January, 1928, when the school Board of LaSalle parish convened, the defendant was recognized and proceeded throughout the entire day in the performance of his duties as School Board member from ward two. Both the plaintiff and the defendant acted as members of the School Board from ward two.

"L. H. Taylor, the evidence shows, was elected School Board member in ward two of LaSalle parish, Louisiana, in 1924, and that his time will not expire until 1930.

"After the defendant had taken his oath and sat with the Board on the 2nd day of January, 1928, the plaintiff secured a restraining order which prevented the defendant from proceeding any further or from interfering with the plaintiff in any way in the discharge of his duties until the 7th day of January, 1928, at which time a hearing would be granted as to whether the court would grant a preliminary injunction.

"The court is forced to take judicial notice of the laws of the state, and the law provides for only two School Board members from ward two of LaSalle parish, and the evidence shows that L. H. Taylor was duly elected School Board member from that ward in 1924, and is still a member from that ward. There can be only two legal members of the School Board of LaSalle parish from ward two. Therefore, there is no other conclusion that the court can reach but that the defendant E. B. Randall was appointed by the Governor to the place occupied by the plaintiff.

"This is not a suit to test the title to this office, but is purely a suit to prevent the defendant from interfering with the plaintiff in the discharge of his duties as School Board member.

"The defendant may have a legal right and the plaintiff, who is the present occupant of the office, may not have a legal right to this office, but the plaintiff contends that he is the legal officer.

"It is true that he has been legally appointed and has been performing the duties of School Board member from ward two of LaSalle parish, and if he is not a legal and proper member of the School Board from ward two he is at least a de facto officer of that ward, and since he is in possession of the office and has performed the duties of that office and being a de facto officer at least, he is entitled to an injunction prohibiting the defendant from interfering with him in the discharge

of the duties of that office, if the defendant is interfering.

"The defendant contends that he is not interfering, but that he has taken the oath, and the evidence shows that he has participated in the actions of the School Board on the 2nd day of January, 1928, and it is certain that both the defendant and the plaintiff are contending for the same office and both cannot occupy that office, and by his participating in the actions of the School Board on the 2nd day of January, 1928, he has conducted a legal interference with the plaintiff.

"In the case of Goldman vs. Gillespie, 48 Ann. 84, it seems that Gillespie was appointed a member of the Levee Board by the Governor and the Levee Board refused to recognize Gillespie when he presented his commission and himself to that body for recognition. The Levee Board continued to recognize Goldman. Goldman then proceeded to obtain an injunction against Gillespie, and the court granted it. He committed no interference, only a legal interference, and from the decision in that case the court is of the opinion that the defendant has committed a legal interference at least with the plaintiff in this case.

"It is a well settled principle of law in this state that a person who has occupied an office and performed duties in that office and is in possession of same, is at least a de facto officer, and upon a prima facie showing he is entitled to have an injunction issue to prevent any one from ousting him from that position until the court has passed upon the title to the office.

"Therefore, if the defendant in this case is a legal member of the School Board of LaSalle parish from ward two, he has his legal remedy which is pointed out by law, he can bring an ouster suit and let the courts pass upon the question as to who is entitled to the office in dispute. But, as stated, the law is clear, that no one may interfere with an officer in possession of that office against his will until the matter has been settled by the courts."

We adopt this opinion as our own.

"The incumbent of an office who is unwilling to surrender possession cannot be dispossessed by the exercise of the power of removal and the appointment of a successor, and may, when sought to be dispossessed in the former mode, protect his possession by injunction."

Jackson vs. Powell, 119 La. 882, 44 So. 689.

"A petition alleging that the petitioner was the duly elected parish treasurer for a term of two years, that he had duly qualified and was in actual occupancy of the office, exercising its duties and functions, that defendant was illegally pretending to be entitled to occupy such office, and, unless restrained, would attempt to exercise its functions and discharge its duties and receive its emoluments, to the irreparable injury of petitioner, sufficiently set out the petitioner's right as the actual incumbent of the office to an injunction restraining defendant's interference pending a determination of the right to the office."

Bourg vs. Turner, 152 La. 828, 94 So. 411.

See also Gleason vs. Wisdom, 120 La. 632, 45 So. 530.

We find no error in the judgment appealed from, and, accordingly, it is affirmed.