Goldman vs. Gillespie.

---

| 43 | 83 |
| 45 | 675 |
| 43 | 83 |
| 119 | 883 |
| 120 | 635 |
| e120 | 640 |

No. 10,703.

G. C. GOLDMAN VS. J. M. GILLESPIE.

Claims to an office, under conflicting commissions, will not be considered and passed upon in an injunction proceeding, the sole object of which is to maintain the incumbent in possession provisionally until the pretensions of the adverse claimant, who threatens to induct himself into office and thus oust the *de facto* officer, without legal intervention, are judicially determined.

Such injunction lies at the instance of a member of a board, where it appears that the adverse claimant may, otherwise than by a concurrent action with the other members of the board, induct himself extra judicially in part into office and to some extent oust the incumbent.

It lies also when it is a possibility that the members of the board, though they may actually repudiate the validity of the appointment under which the claimant shelters himself, may recognize his pretension and admit him as a member.

APPEAL from the Ninth District Court, Parish of Concordia. *Young, J.*.

---

*Felix P. Poché, Thos. P. Clinton* and *C. J. Boatner* for Plaintiff and Appellee:

1. An injunction will lie to protect a *de facto* officer in his possession against the interference of a claimant whose title is disputed, until the latter shall establish his title by the judicial proceeding provided by law. Guillotte vs. Poincy, 41 An. 833, and authorities therein cited.

2. An officer *de facto* is one who claims an office and is in possession of it, performing its duties under color of an election or appointment, although such an election or appointment be not valid. Wait's Actions and Defences, Vol. V, p. 7, and authorities cited; Guillotte vs. Poincy, 41 An. 83.

3. One holding over after the expiration of his term of office, and publicly continuing to exercise its functions, is an officer *de facto*. Am. and Eng. Ency. of Law, Vol. 5, p. 105; 28 Kans. 286, Morton vs. Lee; 71 Maine 207, Woodside vs. Wagg; 27 Minn. 292, Carli vs. Rheuer.

A general law on the subject of removal of officers is controlled by a subsequent particular law as to the removal of certain officers provided in the particular law. 39 An. 513, State vs. Labatut, and authorities therein quoted. C. C. Art. 23.

5. An act of the Legislature declaring that an officer may be removed on the request of certain persons, means that he shall not be removed without such request. Serg. and Rawle, Vol. 5, p. 145, State vs. Sherman; Wait's Actions and Defences, Vol. 5, p. 12.

6. An injunction proceeding to restrain a party from assuming an office is a personal action and must be brought at the domicil of the defendant. C. P. Art. 162; Stats vs. H. R. Steele, 33 An. 910.

*Walter H. Rogers* for Defendant and Appellant:

A removal from office is a destitution of office.

A removal creates an absolute vacancy.

Proceedings against a person contemplating a direction of a performance of official duty must be instituted before the court in whose jurisdiction the duty is to be performed. 33 An. 912.

The Governor has the power to fill vacancies caused by removal. 33 An. 446.

In the exercise of the power given to him by law, of removing public officers for certain causes, the Governor is the sole judge of the existence of such causes and his action of removal is final. 33 An. 447.

Questions in their nature political, or which are, by the Constitution and laws, submitted to the executive, can never be made in this court. 1 Cranche 170.

One duly appointed and commissioned to fill a vacancy becomes the legal incumbent and entitled to discharge the duties of the office. The former incumbent and not the appointee must resort to action at law to determine the right to office. 52 Ala. 66.

One appointed to fill a vacancy caused by removal by the Governor, is entitled to take possession of the office. 41 An. 1097.

A person removed by the Governor under his power of removal can not be a *de facto* officer.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is exclusively an injunction proceeding.

The fundamental averments upon which the plaintiff relies are simply:

1. That he is a duly commissioned, qualified and inducted member of the Board of Levee Commissioners for the Fifth Louisiana Levee District, and, as such, is in possession of the office, discharging the functions thereof and receiving the perquisites thereto attached; in other words, is a *de facto* officer.

2. That the defendant, who has been illegally commissioned by the Executive to succeed the petitioner as having been *removed*, unless restrained by injunction, will soon attempt to assume the functions of said office and claim the perquisites of the same in the place and to the exclusion of petitioner.

As a corollary, it is charged that, being the incumbent, petitioner· is entitled to a writ of injunction to restrain the defendant from interfering with him in his possession of said office and in the discharge of his duties, until after proper proceedings the disputed right to the office shall have been *judicially* determined.

The prayer is in accord with the averments.

The injunction sought was allowed.

The petition was followed by a supplemental petition. Issue was joined by exceptions and by a general denial, amplified by averments of previous vacancy occasioned by a removal, which denied to the plaintiff the right to aver himself an encumbent.

The exceptions were overruled, and the injunction issued *in limine* was allowed to continue until the determination of the pretensions. of the defendant in a proper proceeding.

From the judgments thus rendered the present appeal was taken.

The exceptions were properly overruled. The petition disclosed a cause of action, and the other matters thereby set up appertained to another future suit, and not to that before the court.

The litigants asserted conflicting titles to the office, raising questions involving the power of the Governor to remove and to appoint a successor.

Whatever the appearances and contentions of the parties were below and here on that subject, it is clear that under the conservative ruling in the case of Guillotte vs. Poincy, 41 An. 333, which is. fully applicable to this case, as far as the law is concerned, touching the *quid judicandum*, the respective title of the contestants to the office of commissioner of the Fifth Levee District can not *now* be. determined.

The facts in that case are not parallel to those in the present one.

There, Guillotte was an incumbent, and feared that the board of which he was a member would aid Poincy in entering upon the discharge of his duties.

Here, Goldman is also an incumbent, but he does not allege any fear that the board will recognize Gillespie.

On the contrary, he proves that the board does not admit the validity of the appointment of the defendant.

Practically, the injunction in the Poincy case against the board was a superfluity, as it issued against Poincy, who could not, while. so enjoined, claim any recognition.

Here, it could not at all issue against the board owing to the stand taken by the commissioners.

For the same reason that it was useless in the Poincy case it would have been unnecessary here.

It is this, that although the board may be unwilling to recognize Gillespie, he may induct himself into office by discharging, otherwise than concurrently with the other members of the board, some of the duties which are, under the law creating the board, susceptible of being performed by a commissioner *alone* in the district of his residence.

By Section 17 of the act creating the board (Act 44 of 1886, p. 63) the care and police of levees devolves of right *on the resident commissioner*, who is specially authorized in cases of danger or urgent necessity to order out all, or as many as may be necessary, of the road hands of the parish, and cause them to work on the levees, provision being made for their payment.

It is clear therefore that, unless restrained, the defendant may thus assume the functions of levee commissioner; and were the board to change its attitude and to consider him as entitled to recognition, it might admit him to act as one of the board to the exclusion of the plaintiff, who is an incumbent.

It may be well to add that in applications for injunctions in cases of this description judges should require the strongest essential showing, for it is a grave thing in itself for an incumbent to resist the appointment of a successor to him by an Executive; otherwise, upon mere routine allegation, every commission, issued by the Governor, even in proper cases, could easily be for awhile nullified.

Judgment affirmed.

Breaux, J., dissents.

### DISSENTING OPINION.

BREAUX, J.  Plaintiff alleges in his original petition that he was duly appointed and qualified as a member of the Board of the Fifth Louisiana Levee District, and that he is the incumbent on the said board for the parish of Tensas, and that he is entitled to hold that office until the month of May, 1892.

That the defendant holds an invalid commission, and unless prevented by injunction he will soon attempt to assume the functions of that office and claim its emoluments.

Goldman vs. Gillespie.

That the board has authority to build and maintain levees in the district necessary to protect its lands from floods; also power to levy taxes, borrow money and issue bonds.

That a long line of levees has been built and kept in repair, and thereby property of great value protected.

That the board was making contracts and providing for the construction of several extensive levees and to repair and strengthen a long line of levees in the district, when their acts were impeded by the acts of the defendant in claiming the right of holding the office of commissioner as successor of plaintiff.

That the operations of the board have been paralyzed, and its credit impaired.

That the defendant, unless prevented by injunction from asserting his illegal claim to the office, will cause damage to the petitioner in a stated sum by the depreciation in the value of his immovable property and the threatened destruction of his crop by overflow in the absence of a proper and efficient system of levees in the district.

In this petition for an injunction no act is alleged to have been done by the defendant as an officer, except in general terms.

No particular act is set forth.

He held a commission, and took the required oath.

He could not become a member of the board, for they, in the deliberations at one of their meetings, refused to recognize the validity of his appointment, and formally declared that he would not be admitted nor considered a member.

He could not perform any act in his own district. He was not, under the circumstances, vested with the least authority, for he could not act as an individual officer without some sanction.

The allegations are directed against his possible acts as a member in claiming to act with the board, not that it was apprehended that he, as an individual officer, would assume the care and police of levees devolving on the resident commissioners, nor that the threatened danger or necessity made it probable that he would order out all or as many road hands of the parish as the urgency required.

It would have been entirely useless on his part. His acts would have been ineffectual and nugatory. The board's regulations apply when hands are called out to work. The appointment by inspectors and watchmen is made under these regulations.

All persons serving during the emergency are paid by the board. They may be called out by the individual member, but by authority of the board, else his acts would not be entitled to legal recognition.

He certainly could not act as a member, for they refused all recognition.

He could not act as an individual officer in his district, for to thus act it required the board's authority, which he did not have.

The allegations do not raise issues with reference to defendant's possible acts, as one clamoring to be an officer in his district and having the right to enforce Section 17 of Act 44 of 1886, relative to the care and police of levees devolving upon the resident commissioner.

They are limited to his claims to act as a member of the Board of Levee Commissioners.

The following shows the action of the board, and the determination not to recognize defendant's authority:

"On motion, the following resolution was adopted:

"Whereas, The Governor of this State has attempted to remove Hon. F. L. Maxwell, president, and Messrs. G. C. Goldman, A. S. Colthrop and C. C. Cordill, members of this board, without assigning any legal cause for his action, and he is clearly without authority to make said removals. Act 44 of 1886 provides the only mode and manner in which members can be removed from said board. And they were not removed in pursuance of said act; therefore

"Be it resolved, That we, the members of the board, have full faith in the capacity, diligence and integrity of the members whose commissions have been attempted to be revoked, and that it is the duty of said members to continue as members of this board in their several capacities, and we believe it to be our duty to maintain the legal rights of the board and the members thereof."

Plaintiff does not allege that it is apprehended that the board will admit or recognize the defendant, but the opposite is shown.

Quite different is the case of Guillotte vs. Poincy, 41 An. 335, urged as similar in every respect to the pending case.

In the former it was alleged that the members of the board (to fill an office to which the petitioner had been appointed), "unless restrained, will admit him to the discharge of the duties of the office and to a participation in its emoluments."

Goldman vs. Gillespie.

No such apprehension was felt in the case at bar, but it is proven that the board had determined not to receive the defendant.

From the Poincy-Guillotte case I quote:

" The record shows that plaintiff's apprehension is well founded. It appears on the face of the pleadings that the remaining members' of the board but for the injunction would have recognized his right, and would have admitted him as a member."

To this time in the course of the proceedings the plaintiff had nothing to apprehend; the injunction granted by the clerk of court had accomplished nothing; prevented nothing; only a citizen holding a commission was enjoined from performing acts, the record discloses, he could not perform.

The original petition was filed August 16, 1890.

In October the plaintiff chose not to rely on that petition, and on the injunction effecting so little, if anything, and filed an amended petition reiterating the allegations of his original petition.

He further alleged " that he had been advised that the appointment of the defendant as a member of the board has been predicated on and made to fill the alleged vacancy in said board resulting from the attempted removal of petitioner by the Governor of the State; but petitioner avers that said attempt to remove him is unwarranted in law, null and void and without effect, for this, that the power of removal from said office as member of said board is not absolute in the Governor, but can be exercised only when he is requested thereto by the said board and for legal cause, expressed by said board as it is specially provided for in said Act No. 44 of 1886.

" And petitioner avers that no request thereto has been made by said board on the Governor, who was therefore powerless to effect a legal removal of your petitioner, and without power, right or authority to appoint defendant to said office."

The issues are directly presented. The plaintiff denies to the Executive the authority to create the vacancy by removing him; denies his power to appoint defendant.

Plaintiff has by his allegations in his amended petition presented the issues involved.

The defendant has traversed plaintiff's allegations.

They have introduced their evidence.

The questions are presented for solution as clearly and as well defined as they ever will be.

There is no averment made that the evidence is not before the court, and that further testimony should be admitted and further opportunity granted for the purpose.

The questions here have been fully argued.   Nothing can be added to more closely define the issues.

It would be injustice to able counsel to intimate that further argument is needed.

In the Guillotte-Poincy case the question of title was not presented, and therefore could not be decided.

Plaintiff was entitled to relief by injunction "in order to preserve the *status quo* until the right shall be judicially determined."

In the case at bar, the plaintiff prays that the issues be at once decided.

The State can only nominally be made a party to the suit.

The addition of the name is only a form.

There is not an *iota* of right affecting the State.

Whether she be made a party or not does not in the least change the issues.

In criminal cases in which precision is required and the pleadings must include every essential allegation, it is held that a formal statement in an indictment, that "it was found by the authority of the State, is not essential if it appears from the record that the prosecution was conducted in the name of the State."   State vs. Russell, 2 An. 604.

In the case at bar the State is not a party, but the suitors have not chosen to raise any objection on that ground.

The intrusion in office act provides that an action by petition "*may* be brought before the proper court by the District Attorney, and in the City of New Orleans by the Attorney General."   The word "may" has become "shall" by interpretation in those cases in which there was well founded apprehensions of disturbance, and the incumbent desired to maintain the *status quo*, but not in these cases in which the legal rights of the parties are completely alleged, and each has made his proof.

This does not prohibit officers from testing their right to the incumbency of an office without making the State a party.

Delay will not accomplish anything, and there can be no legal purpose in making the State a party.

I can not avoid the conclusion that it would be preferable to decide the issues presented at this time, and that they can be legally decided, and the rights of the parties determined, and that there is no necessity of relegating the parties to another suit.

I therefore respectfully dissent.