No. 3162

Second Circuit

---

HIGGINS v. THE MOST WORSHIPFUL ST. JOHN'S GRAND LODGE, A. F. & A. M., ET AL. MAUD BIRDLONG, Intervenor.

---

(Dec. 21, 1927.　Opinion and Decree.)
(Feb. 3, 1928.　Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 237, 588, 589.
An intervenor must appeal from a judgment rejecting her demands, otherwise, the Court of Appeal will not consider her demands.

2. Louisiana Digest—Appeal—Par. 237, 589.
Where the defendant merely occupied the position of stake holder and the intervenor against whom judgment was rendered in the trial court, did not appeal, the appeal by defendant will be dismissed.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of East Carroll. Hon. F. X. Ransdell, Judge.

Action by Mathilda Higgins against The Most Worshipful St. John's Grand Lodge, A. F. & A. M., et al., Maud Birdlong, Intervenor.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

A. J. Wyly, of Lake Providence, attorney for plaintiff, appellee.

Charles M. Roberson, of Shreveport, Robert P. Kennedy, of Lake Providence, attorneys for defendants, appellants.

WEBB, J. This is an action by the wife of John Higgins, who claims that she was the beneficiary under a policy issued by defendant on the life of Higgins.

Maud Birdlong was named as the beneficiary under the policy when it was written, but the plaintiff alleges that the insured had changed the beneficiary before his death and instituted her as the beneficiary.

The defendant denied that the insured had legally changed the beneficiary, but admitted its liability under the policy to either the plaintiff or Maud Birdlong, and Maud Birdlong intervened in the suit, joining the defendant in resisting plaintiff's demands, and asserting that she was the beneficiary under the policy, and prayed for appropriate relief.

On trial, judgment was rendered in favor of the plaintiff against the defendant, and the defendant alone appealed.

The intervenor having failed to appeal from the judgment, cannot be relieved from the judgment rejecting her demands on appeal.

"A party intervening in a suit and joining the defendant in resisting the plaintiff's demands, must for himself appeal from a judgment against the defendant and intervenor; otherwise he cannot obtain relief therefrom; an appeal by the defendant will not suffice."

Hardie vs. Colvin, 43 La. Ann. 85, 95 So. 745.

The defendant occupied merely the position of a stakeholder, and the intervenor having failed to appeal, we are of the opinion the defendant was without interest to appeal and that the appeal should be dismissed, and it is so ordered.