**13 So.2d 468**

**ALLEMAN v. DUFRESNE.**

No. 37029.

April 12, 1943.

James P. Vial, of Hahnville, for relator.

Frank H. Langridge and Archie J. Grefer, both of Gretna, for respondent.

ROGERS, Justice.

The relator, Percy J. Alleman, applied to the district court for injunctive relief to prevent the respondent, Harry A. Dufresne, from interfering with the performance of his official duties as a member of the St. Charles Parish School Board for Ward Three. The matter was fixed for hearing on a rule nisi, at which hearing respondent offered and filed a number of exceptions, and, with reservation of the exceptions, an answer and reconventional demand in which he, in turn, prayed for injunctive relief to prevent relator from interfering or attempting to interfere with respondent in the performance of his duties as a member of the St. Charles Parish School Board for Ward Three. After hearing the parties on the exceptions, the trial judge maintained the exception of no cause or right of action and dismissed the suit. A writ of certiorari and a rule nisi brings the case before us for review.

In his return to the rule nisi issued herein, the respondent judge set forth his reasons for rendering the judgment of which relator complains. The respondent Dufresne made no formal return to the rule nisi, but in an opposition filed to relator's application for the supervisory writs, he set forth his reasons why the relief sought by the relator in this Court should be denied. He also filed a brief in this court upholding the ruling of the trial judge.

At the hearing on the rule nisi, the merits were not considered. The trial judge disposed of the case on the exception of no cause or right of action, which he maintained on the ground "that plaintiff had failed to qualify as the law directs," in that he had taken his oath of office before a notary public instead of before the Clerk of Court as required by Section 2550 of the Revised Statutes of 1870.

The case presents a contest between rival claimants to the office of member of the St. Charles Parish School Board for Ward Three. Each claimant prays that the other be enjoined from interfering with him in the performance of his official duties.

Section 1 of Article XIX of the Constitution provides that all officers before entering upon the duties of their respective offices, except as otherwise provided in the Constitution, shall take an oath or affirmation according to the prescribed form. Corresponding sections in preceding Constitutions are to be found under the subdivision entitled "General Provisions," as follows: 1812, Art. 6, sec. 1; 1845, Art. 89, Title VI; 1852, Art. 90, Title VI; 1864, Art. 90, Title VII; 1868, Art. 100, Title VI; 1879, Art. 149; 1898, Art. 160; and 1913, Art. 161.

Section 2550 of the Revised Statutes on which the judgment of the district court is based is a re-enactment of Act 248 of 1855, and is a general statute providing that all state officers shall take the constitutional oath and prescribing by whom the oath shall be administered. At the time Act 248 of 1855 was adopted, the Constitution of 1852 was in effect, and at the time the revised statutes were adopted, the Constitution of 1868 was in effect. The first paragraph of Section 2550 of the Revised Statutes reads as follows:

"The oath required by article one hundred of the constitution shall be taken by all officers of the State before entering on the duties of their office; it may be administered by the Governor of the State, any judge or justice of the peace or clerk, and shall be subscribed by the party taking it, and be certified in his commission by the person administering it."

The oath referred to is set out in Article 100 of the Constitution of 1868, the corresponding provision to which in the Constitution of 1921 is section 1 of Article XIX.

In disposing of the exception of no right or cause of action on the theory that Section 2550 of the Revised Statutes was the controlling law on the subject, the trial judge overlooked Act 7 of 1877, authorizing notaries public to administer oaths and take acknowledgments, which was enacted seven years after the adoption of the revised statutes. Section 1 of Act 7 of 1877, omitting the enacting clause, reads as follows: "That from and after the passage of this act oaths and acknowledgments, in all cases, may be taken or made by or before any Notary Public duly appointed and qualified in this State." Section 2 of the act repeals all laws or parts of laws inconsistent therewith.

It is plain from a mere reading of the words of the statute that it was the intention of the Legislature to authorize notaries public to administer oaths in all cases and not merely in some cases where they are required. This was pointed out in the case of State v. Varnado, 154 La. 575, 583, 97 So. 865, where the defend-

ant contended that the indictment charged no offense because it failed to show on its face that the oath was taken in a judicial proceeding, and that false swearing in a voluntary affidavit before a notary public before whom no case is pending, and under no statutory proceeding, is not perjury. After quoting section 1 of Act 7 of 1877, the Court, in its opinion, 154 La. at page 583, 97 So. at page 868, declared:

"This act does not require that the oaths to be taken shall be in any statutory proceeding before the notary. While notaries are competent to administer such oaths in statutory proceedings, they are also competent under this act to receive them 'in all cases,' which necessarily includes all civil and criminal cases in which affidavits are required by law to be made in a motion for a new trial, continuance, etc."

Since the adoption of Act 7 of 1877, the power to administer constitutional oaths is not limited to the four classes of offices mentioned in section 2550 of the Revised Statutes. Act 7 of 1877 adds another class of persons, to-wit, notaries public who are authorized to administer, in all cases, the oaths required to be taken by the laws of this State. Thus, under the broad powers granted by Act 7 of 1877, the official oath required and prescribed by section 1 of Article 19 of the Constitution of 1921 may be validly administered by a notary public, as well as by any of the officers referred to in Section 2550 of the Revised Statutes.

According to the allegations of his original petition, Percy J. Alleman took his oath of office before James P. Vial, a

duly qualified notary public for the Parish of St. Charles. The oath was executed in duplicate and the original was forwarded by registered mail to the Secretary of State for recordation, and the duplicate original was filed in the office of the clerk of court for the Parish of St. Charles. This was a sufficient compliance with the law governing such matters and the trial court erred in ruling otherwise.

An examination of the pleadings in the case discloses that there are other controverted questions of law, as well as of fact, between the parties which must be adjudicated upon.

For the reasons assigned, the rule nisi herein issued is made absolute and accordingly the judgment of the district court maintaining the exception of no right or cause of action and dismissing plaintiff's suit is annulled, and the case is remanded for further proceedings consistent with the views herein expressed. The costs of this proceeding are to be borne by the respondent, Harry A. Dufresne.

ODOM, J., absent.