14 So.2d 872

### SLATER v. BLAIZE et al.

No. 37237.

Aug. 4, 1943.

R. A. Dowling, of New Orleans, for relator.

L. H. Perez, of New Orleans, for respondents.

FOURNET, Justice.

Walter J. Blaize, one of the parties ordered by Judge Albert Estopinal, Jr., of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines to show cause why an injunction should not issue enjoining and prohibiting him, as well as certain other parties alleged to be conspiring with him, from forcibly taking the office of sher-

iff held by Dr. Benjamin R. Slater and restraining him from taking any action pending the hearing of the rule nisi, seeks to have this court issue a peremptory writ addressed to Judge Estiponal, Leander Perez, the district attorney of the said district, and Dr. Slater, prohibiting them from proceeding further with the trial of the injunction proceedings thus instituted and restraining them from further interfering with his (Blaize's) exercise of the functions of the office of sheriff and tax collector for the Parish of Plaquemines.

■ Under the express provisions of our law, the proper procedure in cases where the person claiming title to an office is not in actual possession thereof is by quo warranto or intrusion-into-office proceedings (Article 867 etc., of the Code of Practice and Section 2593, etc., of the Revised Statutes, as amended by Act No. 102 of 1928), but it is the settled jurisprudence of this state that the person who is in possession of and claiming title to an office may resort to injunctive proceedings to maintain his possession thereof pending an orderly determination of the title thereto. Guillotte v. Poincy, 41 La.Ann. 333, 6 So. 507, 5 L. R.A. 403; Goldman v. Gillespie, 43 La.Ann. 83, 8 So. 880; State v. Turner, 152 La. 828, 829, 94 So. 411; and Guillory v. Jones, 197 La. 165, 1 So.2d 65. An exhaustive discussion of the jurisprudence on this subject will be found in the Guillory case.

■ In any event, in his opposition, Dr. Slater calls our attention to the fact that the injunction proceedings here sought to be stayed were withdrawn by him and dismissed by the lower court the day before

this application was filed. This renders the question here presented for our consideration a moot one.

For the reasons assigned, the writ applied for is refused.

ROGERS, Justice (concurring).

I concur in the refusal of relator's application for the reason it presents only a moot question, in view of the dismissal of the injunction proceedings complained of.

O'NIELL, C. J., and ODOM and HAMITER, JJ., absent.