McBRIDE, Judge.
- Francis C. Fulton, Sr., who was commissioned on December 22, 1950, by the then Governor of Louisiana as a member of the Board of the St. John the Baptist Waterworks District No. 1 for the term expiring September 29, 1955, seeks to enjoin Norman S. Millet, who was appointed to the office on *317 September 26,19S5, by the present Governor from “intruding into, usurping, holding or exercising, or attempting to hold and exercise the duties of Member of the Board of Commissioners of the St. John the Baptist Parish Waterworks District No. 1 and further restraining, enjoining and prohibiting him from interfering with petitioner in the lawful exercise of his duties as Member of said Board.”
Fulton charges Millet with “unlawfully attempting to replace petitioner as a member of said Board.” In answer, defendant alleges Fulton is without right or title to the office and asserts that he, the defendant, is the duly appointed and qualified Board member and in .a reconventional demand prays for recognition as such.
Fulton makes no pretense of having any color of title to the office, and it is a certainty he has none, it appearing as an un-controverted fact that his office has long since expired and that Millet is the appointee to succeed him. However, notwithstanding these circumstances, a preliminary writ of injunction was issued as prayed for, the demand in reconvention was dismissed, and Millet has perfected this appeal.
We know of no grounds whatever on which the injunction should be issued. Fulton is but a de facto officer who could not be maintained in possession of the office by injunctive process for the very simple reason he can establish no legal right or title thereto. A comprehensive discussion of the many cases bearing on this subject will be found in Guillory v. Jones, 197 La. 165, 1 So.2d 65, 74, wherein the Supreme Court said:
“The true doctrine of all of these decisions, taken together, is that a de jure officer cannot oust a de facto officer by means of an injunction, but must resort to the intrusion-into-office suit; whereas the de facto officer may proceed by injunction against an outsider claiming the office, but is not entitled to the injunction unless he proves his title to the office.
“* * * jn Louisiana the judges are vested with the broad power of administering both law and equity in the same proceeding. Hence no good reason could be given for forbidding a judge of a Louisiana court to decide whether the plaintiff or the defendant is entitled to the office, in a suit brought by a de facto officer for an injunction to prevent one who claims to be his successor from taking possession of the office. There is no reason why .a contest like this in a Louisiana court should not be settled finally in the suit for an injunction, instead of requiring two suits to settle the controversy.”
See, also, Alleman v. Dufresne, La.App., 17 So.2d 70, decided by this court.
Counsel for both parties concede in oral argument and also in brief that prior to Fulton’s institution of the injunction suit Millet filed an intrusion-into-office suit against Fulton, and we are told that this suit was dismissed in the district court on an exception of no cause of action.
Fulton’s argument is that he is entitled as a matter of right to an injunction to keep him in possession of the office until such time as the question of Millet’s right thereto vel non is settled in a proper action brought by him for such determination. Fulton cites as his authority the case of Slater v. Blaize, 204 La. 21, 14 So.2d 872, in which the following language appears :
“ * * * it is the settled jurisprudence of this state that the person who is in possession of and claiming title to an office may resort to injunctive proceedings to maintain his possession thereof pending an orderly determination of the title thereto. Guillotte v. Poincy, 41 La.Ann. 333, 6 So. 507, 5 L.R.A. 403; Goldman v. Gillespie, 43 La.Ann. 83, 8 So. 880; State [ex rel. Bourg] v. Turner, 152 La. 828, 829, 94 So. 411; and Guillory v. Jones, 197 La. 165, 1 So.2d 65. An exhaustive discussion of the jurisprudence on this subject will be found in the Guillory case.”
*318 Slater v. Blaize was a suit wherein the defendant was ordered by the district judge to show cause why an injunction should not issue enjoining him, as well as other parties conspiring with him, from forcibly taking the office of sheriff held by Slater. The defendant then applied to the Supreme Court for a peremptory writ addressed to the district judge, the district attorney, and Dr. Slater to prohibit them from proceeding further with the trial of the injunction proceedings. On the hearing of Blaize’s application for the peremptory writ it was called to the attention of the Court that the injunction proceedings sought to be stayed had been withdrawn by Dr. Slater the day before the application was filed and the Court concluded that this rendered the question presented a moot one and thereupon refused the writ. The printed report of the case shows that four justices took part, one of whom concurred in the refusal of relator’s application “for the reason it presents only a moot question.”
For two reasons we feel we are not under the duty of following the above-quoted language used by the Court in Slater v. Blaize which is irreconcilably at variance with what had been said in the previous case of Guillory v. Jones, supra, first, because it was not necessary to a determination of the case and second, because only three justices concurred therein.
Regardless of what was said in Slater v. Blaize we cannot believe that the Court intended to place a different interpretation on the jurisprudence of the State or to alter the holding in Guillory v. Jones, which is to the effect that it is only where the de facto officer can prove his title to the office that an injunction will issue against an outsider claiming the office. We believe this to be the law controlling this case.
The trial judge was also in error in dismissing the reconventional demand in which Millet prayed that he be recognized as a member of the Board and for a permanent injunction restraining and enjoining Fulton from usurping the office or interfering with Millet’s right to assume his duties. These were matters which should not have been dismissed on the trial of the rule nisi for the preliminary injunction which Fulton sought but they should have awaited adjudication on the trial of the merits of the case.
It is ordered, adjudged and decreed that the judgment appealed from be reversed and the preliminary writ of injunction is recalled; the matter is now remanded to the district court for further proceedings on the merits of the case according to law; ap-pellee is to pay the costs of this appeal while the assessment of all other costs is to await a final determination of the case.
Reversed and remanded.