365 So.2d 852 (1978)
Rick D. MERCHANT et al., Plaintiffs-Appellants,
v.
Perrell FUSELIER et al., Defendants-Appellees.
No. 6708.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
*853 Ernest R. Eldred, Baton Rouge, for plaintiffs-appellants.
John E. Demoruelle, Kinder, Preston N. Aucoin, Ville Platte, for defendants-appellees.
Before DOMENGEAUX, WATSON and CUTRER, JJ.
WATSON, Judge.
This matter has been consolidated for purposes of trial and appeal with our docket number 6735, involving identical plaintiffs and defendants, in which a separate opinion has been rendered this date.
Plaintiffs, Rick D. Merchant, Murphy Johnson, Lee E. Brown and Hazel Arp, filed this suit to obtain a writ of quo warranto directing defendants, Troy G. Foyil, Charlene Solomon, T. J. Davis, and Perrell Fuselier, to show by what authority they respectively hold the offices of city clerk, treasurer, prosecuting attorney, and city attorney of the City of Oakdale, Louisiana. In the alternative, plaintiffs asked for a declaratory judgment decreeing that the same defendants were validly removed as employees of the City on October 27, 1977, by action of the city governing authority. The trial court dismissed plaintiffs' suit, and they have appealed. Defendants have answered.
Plaintiffs are four members of the five member Board of Aldermen of the City of Oakdale, which is governed by a Mayor-Board of Aldermen form of government according to LSA-R.S. 33:321, et seq. Plaintiffs contend that the defendant office-holders were validly removed from their offices at a meeting on October 27, 1977, and have no authority to remain.
Various exceptions were filed on behalf of defendants. The trial court sustained an exception of no cause of action as to plaintiffs' right to a writ of quo warranto.
It is well established that the function of a writ of quo warranto is narrow and its scope limited. LSA-C.C.P. art. 3901[1]; Foreman v. Hines, 314 So.2d 460 (La.App. 4 Cir. 1975). Plaintiffs are not personally claiming the offices in dispute as in Slater v. Blaize, 204 La. 21, 14 So.2d 872 (1943). Plaintiffs alleged and defendants admitted that defendants had been initially properly appointed to their present offices. There is no real contest as to their authority and no showing that the offices were usurped. It is admitted that defendants are holding office by appointment. Quo warranto is an improper remedy. The exception was properly sustained by the trial court.
*854 The real issue is not by what authority defendants hold office, but the validity and enforceability of certain action taken to remove them from office.
Plaintiffs' alternative plea for a declaratory judgment states that a motion, Exhibit "A", was validly adopted and effectively removed defendants from office on October 27, 1977. The trial court correctly decided that such a declaratory judgment was inappropriate. The resolution shows on its face that it is unsigned, and there is no proof that it was validly adopted. LSA-R.S. 33:406 provides, in pertinent part, that an ordinance, ". . . if adopted, shall be signed by the mayor or other officer presiding . . .." A city ordinance must be proved like any other fact unless there is a certified copy filed of which a court can take judicial cognizance. Pacific Fire Ins. Co. v. Employers' Liability A. Corp., 34 So.2d 796 (La.App.Orl.1948); LSA-R.S. 13:3711 and 3712. This is also the case where a resolution is involved. See Louisiana State Board of Medical Exam. v. Lensgraf, 101 So.2d 734 (La.App. 1 Cir. 1958) writ denied.
A consolidated judgment was rendered involving two other suits, No. C-613-77 and No. C-614-77 on the docket of the Thirty-Third Judicial District Court for the Parish of Allen. These suits have the same plaintiffs but name as defendant George B. Mowad, M. D., Mayor of the City of Oakdale, State of Louisiana. Although a consolidated judgment was rendered in the three suits, no appeal has been taken in suits No. C-613-77 and No. C-614-77. In those suits there was judgment in favor of plaintiffs and against Mayor Mowad enjoining the Mayor from certain protested actions in the future. It is these actions which apparently resulted in the ordinance in question, Exhibit "A", not being passed and/or signed, but the judgment on that issue is not before this court. It is contended that the meeting of the Mayor and Board of Aldermen on October 27, 1977, was not properly conducted by the Mayor, but this argument is only relevant to suits No. C-613-77 and No. C-614-77 in which there has been no appeal.
The answer to the appeal by defendants alleges that they are aggrieved by the overruling of their various objections, but the answer is moot by reason of our decision on the merits.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of plaintiffs-appellants.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 3901: "Definition"

"Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers."