Dear Mr. Boudreaux:
You have requested an opinion of this office as to whether you, in your capacity as a Notary Public for Iberia Parish, may administer the oath of office to Governor-Elect M. J. "Mike" Foster, at inauguration ceremonies to be conducted in the City of Baton Rouge, Parish of East Baton Rouge, on January 5, 1996.
The constitutional oath of office is provided in ArticleX, Section 30, of the Louisiana Constitution. We have researched the Louisiana Constitution and statutes and have found no specific provision which requires that the oath of office for public officers be administered by any particular official, (See: Article X, Section 30 La. Const. LSA-R.S. 42:161) LSA-R.S.42:162 provides as follows:
§ 162. Administration and recordation of oath or affirmation
 The oath of all officers of the state may
be administered by the governor, any judge, justice of the peace, or clerk, and shall be subscribed by the party taking it, and certified in his commission by the person administering it. This oath or affirmation shall be deposited in the office of the secretary of state, and recorded by him. The oath or affirmation of all parish officers shall also be recorded in the clerk's office of the parish where the same may have been administered, to be recorded by the clerk in a book kept for that purpose.
 The oath or affirmation shall be deposited for recordation within one month after the same shall have been administered. ( (Emphasis supplied); See also LSA-R.S. 42:141 for recording requirements).
LSA-R.S. 35:2 prescribes the general powers of the notaries public in Louisiana. Subsection 2B provides:
 B. However, each notary public of this state shall have authority to administer oaths in any parish of the state, to swear in persons who appear to give testimony at a deposition before a general reporter or free-lance reporter certified under the provisions of LSA-R.S. 37:2551 et seq., and to verify interrogatories and other pleadings to be sued in the courts of record of this state. Such oaths, and the certificates issued by such notaries shall be received in the courts of this state and shall have legal efficacy for purposes of the laws on perjury. Amended by Acts 1990, No. 843 § 1, eff. July 25, 1990. (Emphasis supplied)
LSA-R.S. 35:3 provides:
§ 3. Oaths and acknowledgments
 Oaths and acknowledgments, in all cases, may be taken or made by or before any notary public duly appointed and qualified in this state. (Emphasis supplied).
In the case of Alleman v. Dufresne, 1943,203 La. 79, 13 So.2d 468, the Louisiana Supreme Court had before it the issue of whether a local elected officer, a parish school board member, who had executed his oath of office before a notary public, rather than the clerk of court pursuant to Section 2550 of the Louisiana Revised Statutes of 1870, had failed to qualify for the office.
The Supreme Court held that because notaries were authorized to administer oaths ". . . in all cases . . ." (At 13 So.2d 469) the oath had been properly executed:
 [2] Since the adoption of Act 7 of 1877, the power to administer constitutional oaths is not limited to the four classes of offices mentioned in section 2550 of the Revised Statutes. Act 7 of 1877 adds another class of persons, to-wit notaries public who are authorized to administer, in all cases, the oaths required to be taken by the laws of this State. Thus, under the broad powers granted by Act 7 of 1877, the official oath required and prescribed by Section 1 of Article 19 of the Constitution of 1921 may be validly administered by a notary public, as well as by any of the officers referred to in Section 2550 of the Revised Statutes.
 [3] According to the allegations of his original petition, Percy J. Alleman took his oath of office before James P. Vial, a duly qualified notary public for the Parish of St. Charles. The oath was executed in duplicate and the original was forwarded by registered mail to the Secretary of State for recordation, and the duplicate original was filed in the office of the clerk of court for the Parish of St. Charles. This was a sufficient compliance with the law governing such matters and the trial court erred in ruling otherwise.
Accordingly, it is the opinion of this office that in your official capacity as a Notary Public, Parish of Iberia, you have the authority pursuant to LSA-R.S. 35:2 and LSA-R.S. 35:3 to administer oath of office in all cases in any parish in Louisiana. More specifically, you may legally administer the constitutional oath of office to Governor-Elect M. J. "Mike" Foster, in East Baton Rouge Parish on January 8, 1996.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams